IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Luai M. HINNAWI, Attorney at Law.

Supreme Court

*No. 95–1446–D. Filed June 21, 1996.*

(Also reported in 549 N.W.2d 245.)

PER CURIAM. We review the recommendation of the referee that the license of Luai M. Hinnawi to practice law in Wisconsin be revoked as discipline for professional misconduct. Attorney Hinnawi converted funds belonging to an estate in which he served as personal representative and attorney, failed to timely perform his duties in that estate and charged it an unreasonable fee, failed to keep estate funds in his client trust account, and made numerous misrepresentations to the Board of Attorneys Professional Responsibility (Board) during its investigation of the matter. Also, Attorney Hinnawi practiced law while suspended from practice, failed to act promptly and diligently in representing a client in a real estate matter and respond to that client's attempts to contact him for information, and did not respond to inquiries from the Board in respect to the client's grievance in that matter and in another client matter.

We determine that the recommended license revocation is appropriate discipline to impose for Attorney Hinnawi's professional misconduct established in this proceeding. By his numerous violations of his professional duties to clients who retained him to represent their interests, Attorney Hinnawi has demonstrated his unfitness to be licensed to practice law in this state.

Attorney Hinnawi was admitted to the practice of law in Wisconsin in May, 1991 and practiced in the Milwaukee area. He has not been the subject of a prior disciplinary proceeding. He was suspended from practice October 31, 1994 for failure to pay State Bar membership dues; he was reinstated from that suspension December 29, 1994. In this proceeding, the Board filed with its complaint a motion for the temporary suspension of Attorney Hinnawi's license to practice law pending disposition of the proceeding. Attorney

114

Hinnawi pleaded no contest to the misconduct allegations of that complaint and stipulated to the temporary suspension, which the court ordered effective July 18, 1995.

Subsequently, after receiving two additional client grievances, the Board filed an amended complaint. Attorney Hinnawi admitted service of that complaint but did not appear or otherwise participate in the proceeding thereafter. The referee, Attorney Jean DiMotto, granted the Board's motion for default in respect to those misconduct allegations. Based on the parties' stipulation to the misconduct allegations concerning the estate matter and pursuant to the allegations of misconduct set forth in the Board's amended complaint to which Attorney Hinnawi did not respond, the referee made the following findings of fact.

In June, 1992, Attorney Hinnawi commenced an intestate administration proceeding in Milwaukee county circuit court and served the estate as personal representative and attorney. Responding to an order to show cause, he filed the inventory March 4, 1993 but did little thereafter to complete the proceeding. The court issued an order to show cause January 13, 1994 concerning his failure to file a final judgment, but Attorney Hinnawi did not appear at the hearing on that order or on the adjourned date of that hearing. Because of that failure, the court issued a body attachment for him in June, 1994. Some eight months later, the court issued a second order to show cause concerning the final judgment, but Attorney Hinnawi failed to appear at the hearing on it in April, 1995. As a result, the court ordered his removal as personal representative and attorney.

In the course of the Board's investigation of this matter, Attorney Hinnawi stated that he did not

appear as ordered on the several court dates because he had not done any work in the estate. Attorney Hinnawi did not pay the court-appointed appraiser for services in respect to the decedent's real property, and the $275 bill has been outstanding since October 23, 1993. He also failed to pay the sales tax attributed to the decedent's former business.

The estate was valued at approximately $293,000. Between November, 1992 and June, 1994, Attorney Hinnawi issued nine checks from the estate account payable to his client trust account at another bank in the total amount of $105,552.67, of which he disbursed $77,010 to the heirs and $2369.26 for estate expenses. Attorney Hinnawi closed his client trust account in January, 1995 but has not accounted for the remaining $26,173.41 of estate assets previously transferred into it. Attorney Hinnawi misrepresented to the Board under oath his closing of the estate account and his client trust account.

During the same period, Attorney Hinnawi issued three checks from the estate account payable to himself as attorney fees in the total amount of $12,380; two subsequent checks for attorney fees and expense reimbursement totaled $6000. Based on the expert testimony of the successor personal representative, the referee found that the maximum amount of attorney fees to which Attorney Hinnawi was entitled for his work in the estate was $12,000.

On the basis of Attorney Hinnawi's summarization of the estate's assets and the bank records, the referee found that Attorney Hinnawi converted to his own use $94,583.56 of estate assets. He has not repaid the estate any of the funds he converted. During the Board's investigation, Attorney Hinnawi asserted under oath that he has a gambling addiction and has

taken client funds from his trust account in order to gamble for his own benefit.

In another matter, Attorney Hinnawi was retained in January, 1994 by a client to transfer real estate to the client's brother, for which the client paid him a fee of $300 and $90 for the transfer fee. The client believed the transfer had been effected until a year later he received a delinquent tax bill for the property. Another attorney retained by the client to look into the matter found no record in the Register of Deeds office concerning the transfer of the property.

When that attorney met with him in March, 1995, Attorney Hinnawi said he had filed the land contract with the Register of Deeds and would send the attorney a copy of the contract and the transfer tax return. When he failed to do so, the attorney attempted to contact him but Attorney Hinnawi did not respond and did not return any of several telephone calls attempting to obtain the documents. Attorney Hinnawi also did not respond to the Board's requests for a response to the attorney's grievance or to the Board's notice requiring him to attend an investigative meeting.

In a third matter, the Board requested a response from Attorney Hinnawi concerning a grievance received from a client whom Attorney Hinnawi had been appointed by the State Public Defender to represent. Attorney Hinnawi did not respond to three letters from the Board or to the notice requiring him to attend an investigative meeting. Finally, the referee found that, while suspended from practice for failure to pay State Bar membership dues, Attorney Hinnawi continued to practice law, although he had been notified by the State Bar of his suspension.

On the basis of those facts, the referee concluded that Attorney Hinnawi engaged in the following profes-

sional misconduct. His failure to timely complete the work in the estate constituted a failure to act with reasonable diligence and promptness, in violation of SCR 20:1.3.[1] His payment to himself of legal fees in that estate constituted charging an unreasonable fee, in violation of SCR 20:1.5(a).[2] His conversion of estate funds to his own use constituted conduct involving dishonesty and deceit, in violation of SCR 20:8.4(c).[3] His

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.5 provides, in pertinent part:

**Fees**
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.

[3] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

failure to keep estate assets in his client trust account separate from his own property violated SCR 20:1.15(a).[4] His numerous misrepresentations to the Board during its investigation of the estate matter violated SCR 22.07(2).[5]

The referee further concluded that Attorney Hinnawi's continuing to practice law while suspended violated SCR 20:5.5(a)[6] and 22.26(2).[7] His failure to

---

[4] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. . . .

[5] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

[6] SCR 20:5.5 provides, in pertinent part:

**Unauthorized practice of law**

A lawyer shall not:

(a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction;

119

effectuate the real estate transfer for which he was retained constituted a failure to act with reasonable diligence and promptness, in violation of SCR 20:1.3, and his failure to respond to letters and telephone calls from the client's new attorney constituted a failure to promptly comply with reasonable requests for information from his client, in violation of SCR 20:1.4(a).[8] Finally, his failure to respond to the Board in the matter of two client grievances and attend an investigative meeting constituted a failure to cooperate in a Board investigation, in violation of SCR 21.03(4)[9] and 22.07(2).

As discipline for that misconduct, the referee recommended that the court revoke Attorney Hinnawi's license to practice law, effective immediately. In addition, the referee recommended that the court order Attorney Hinnawi to make restitution to the estate or

---

[7] SCR 22.26 provides, in pertinent part:

**Activities on revocation or suspension of license.**

. . .

(2) A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel, except that he or she may engage in law related work for a commercial employer not itself engaged in the practice of law.

[8] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[9] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

to its assigns in the amount of $94,583.56. The referee also recommended that Attorney Hinnawi be required to pay the costs of this proceeding.

Notwithstanding his failure to appear or otherwise participate in this proceeding following the filing of the Board's amended complaint, Attorney Hinnawi filed a notice of appeal from the referee's report, pursuant to SCR 21.09(5).[10] However, he did not file the required attorneys statement on transcript, despite a notice from the clerk's office to do so, and did not respond to the court's April 18, 1996 order informing him of his delinquency and stating that, unless the statement on transcript were filed within five days or good cause shown for his failure to do so, the appeal would be subject to dismissal or other sanctions. Accordingly, the appeal is dismissed.

We adopt the referee's findings of fact and conclusions of law. The seriousness of the professional

---

[10] SCR 21.09 provides, in pertinent part:

**Procedure.**

. . .

(5)　The referee shall, within 30 days of the conclusion of the hearing, file with the clerk of the supreme court a report stating his or her findings and disposition of the complaint or petition by recommendation of dismissal or imposition of discipline as provided in SCR 21.06 or suspension or conditions upon the continued practice of law for medical incapacity. The board or the attorney may file an appeal of the referee's report with the supreme court within 20 days of the filing of the report. If no appeal is timely filed, the supreme court shall review the referee's report and determine appropriate discipline in cases of misconduct and appropriate action in cases of medical incapacity and may, on its own motion, within 30 days of the expiration of the time for appeal, order the parties to file briefs in the matter or extend the time in which it may order briefs. The supreme court's final disposition of disciplinary and medical incapacity proceedings shall be published in the official publications specified in SCR 80.01.

misconduct determined in this proceeding warrants the license revocation recommended by the referee.

IT IS ORDERED that the license of Luai M. Hinnawi to practice law in Wisconsin is revoked, effective the date of this order, as discipline for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Luai M. Hinnawi make restitution of the estate funds he converted in the amount of $94,583.56, as set forth in the report of the referee.

IT IS FURTHER ORDERED that within 60 days of the date of this order Luai M. Hinnawi pay to the Board of Attorneys Professional Responsibility the costs of this proceeding.

IT IS FURTHER ORDERED that Luai M. Hinnawi comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.